**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| BRIAN HEATH, <br><br>               Plaintiff, <br><br> v. <br><br> MATTHEW PLATKIN, *et al.,* <br><br>               Defendants. | HONORABLE KAREN M. WILLIAMS <br><br> Civil Action <br> No. 26-0031 (KMW-SAK) <br><br> **MEMORANDUM ORDER** <br> **AND OPINION** |

**THIS MATTER** comes before the Court by way of *pro se* Plaintiff Brian Heath's ("Plaintiff") Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application") pursuant to 28 U.S.C. § 1915(a)(1); and

**THE COURT NOTING** that, having reviewed Plaintiff's IFP Application (ECF No. 1-1), Plaintiff declares that he has a monthly income of $0.00, and has approximately $2780.00 in expenses per month. (IFP Application ¶ 1, 8). Plaintiff asserts that his only other assets are a home valued at $79,000 and a car. (IFP Application ¶ 1, 5). Plaintiff further asserts that he does not have a spouse to contribute income or share in expenses, and he has two dependents. (IFP Application ¶¶ 1, 7-8.); and

**WHEREAS,** the Third Circuit has held that an application to proceed without paying filing fees is "based on a showing of indigence," *Douris v. Newtown Borough, Inc.,* 207 F. App'x 242, 243 (3d Cir. 2006) (citation omitted); and

**WHEREAS** the Court notes that although a person "need not be absolutely destitute to proceed in forma pauperis," Plaintiff must nonetheless, "establish that [he] is unable to pay the costs of [his] suit," *Hurst v. Shalk,* 659 F. App'x 133, 134 (3d Cir. 2016); and

**THE COURT FINDING** that because Plaintiff's monthly expenses exceed his income, Plaintiff has demonstrated that he cannot pay the costs of litigation, and thus the Court **GRANTS** Plaintiff's IFP Application.

Pursuant to 28 U.S.C. §1915(e)(2)(B), the Court must review Plaintiff's Complaint and dismiss any claim that is frivolous, malicious, fails to state a claim for relief, or otherwise seeks relief from an immune defendant.  For the reasons set forth below, Plaintiffs' Complaint is **DISMISSED** for failing to state a claim upon with relief may be granted; and

**WHEREAS**, Plaintiff filed a Complaint (ECF No. 1) on January 4, 2026, wherein he asks the Court to "reverse what Family Court did by violating my Rights." (Compl. at ¶ 5); and

**WHEREAS**, under the *Rooker-Feldman* Doctrine, federal district courts possess only original jurisdiction, not appellate jurisdiction over state-court decisions. *See In re Adams*, 151 F.4th 144, 151-52 (3d Cir. 2025). Accordingly, a federal district court lacks jurisdiction to review and overturn a state court judgment; that authority rests solely with the United States Supreme Court. *Id.* As such, Plaintiff's claims must be dismissed.

**IT IS HEREBY** on this 9th day of June 2026, **ORDERED:**

A.    Plaintiff's IFP Application (ECF No. 1-1) is **GRANTED.**

B.    The Complaint (ECF No. 1) shall be filed.

C.    Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE.**

D.    Plaintiff has thirty (30) days to amend his pleadings in light of the deficiencies described in this Memorandum Opinion and Order, and if Plaintiff fails to do so, the Court will Order the Clerk to close the case.

KAREN M. WILLIAMS
United States District Judge

2